WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jesse Gilbert Orantez, | No. CV-19-00540-TUC-DCB |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

This matter was referred to Magistrate Judge Leslie A. Bowman, pursuant to Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a). On July 31, 2020, Magistrate Judge Bowman issued a Report and Recommendation (R&R).  (Doc. 16.) She recommends that the Court dismiss the Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. 2254, because the Petitioner failed to exhaust his claims in the state courts. The Court accepts and adopts the Magistrate Judge's R&R as the findings of fact and conclusions of law of this Court and dismisses the Petition as procedurally defaulted. The Court, alternatively, finds that the alleged constitutional claims of error lack merit.

STANDARD OF REVIEW

The duties of the district court in connection with a R&R by a Magistrate Judge are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).  Where the parties object to a R&R, "'[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made.'"

*Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)).

This Court's ruling is a *de novo* determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1)(C); *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir.2003) (*en banc*). To the extent that no objection has been made, arguments to the contrary have been waived. Fed. R. Civ. P. 72; *see* 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the R&R), *see also McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation)).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also*, Fed. R. Civ. P. 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). The Court has considered the objections filed by the Petitioner, and the parties' briefs considered by the Magistrate Judge in deciding the Petition.

## OBJECTIONS

The Petitioner objects to the Magistrate Judge's conclusion that the constitutional claims in the Petition are procedurally defaulted because the Petitioner failed to raise them in the state courts. The Court has reviewed the record as suggested by the Petitioner in his Objection to the R&R, including the Opening Brief filed in Division Two of the Court of Appeals for the State of Arizona supporting his Rule 403 state challenge where Petitioner asserts he referenced the constitutional law supporting Claim 1 of the Petition. For claim 2 of the Petition, he relies on constitutional law supporting Arizona Rules of Criminal Procedure, Rule 19.3(b)c, which was the subject of his state post-judgment proceedings.

Nothing in the citations found in the state court briefs or the research references to the Arizona Rule of Criminal Procedure, Rule 19.3, alerted the state appellate court to the

Fifth, Sixth, and Fourteenth Amendment due process violations he raises in his habeas Petition. These indirect, general, references are not the type of fair presentation required to avoid procedural default for failing to exhaust claims in the state courts. As explained by the Magistrate Judge "'Fair presentation requires that the petitioner describe in the State proceedings <u>both the operative facts and the federal legal theory</u> on which his claim is based so the State courts have a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim.'" (R&R (Doc. 16) (quoting *Davis v. Silva*, 511 F3d 1005, 1008-09 (9th Cir. 2008)) (emphasis added). The Court agrees with the Magistrate Judge that the claims in the Petition were procedurally defaulted, not excused, and the Petition must, therefore, be dismissed under the exhaustion rule.

CONCLUSION

After *de novo* review of the issues raised in Petitioner's Objection, the Court adopts the R&R, and for the reasons stated in the R&R, the Court dismisses the Petition. The Court finds the claims are procedurally defaulted and must be dismissed for failure to exhaust the constitutional claims in the state courts. Alternatively, the Court finds no merit to the claims. The Court adopts the Magistrate Judge's explanation of the lack of constitutional merit in claim 2, which charged the trial court violated the due process clause of the Fourteenth Amendment by allowing improper impeachment of a witness. (R&R (Doc 16) at 7-10.) The Court finds claim 1 is equally lacking in constitutional merit.

Under the Due Process Clause to the Fourteenth Amendment, there must be prejudice to the fundamental fairness that is essential to the very concept of justice. *Lisenba v. People of State of California*, 314 U.S. 219, 236–37 (1941); *see Hayes v. Ayers*, 632 F.3d 500, 512, 515 (9th Cir. 2011) (discussing prejudice needed to support 6th Amendment confrontation clause and 14th Amendment claim; due process guarantees "the fundamental elements of fairness in a criminal trial.") After being instructed by the Court that the codefendant witness' testimony should not suggest any prior bad acts, the prosecutor asked him whether the defendant asked him to use his car in a home invasion. The answer was: "that Mr. Orantez has police lights equipped for that car, and 'they' were using his vehicle

'for, you know.' (R.T. 7/14/16, p. 17, lines 22-25). 'They were just using it to do...' (R.T. 7/14/16, p. 18, line 8)." (R&R at 6 (quoting Amended Petition (Doc. 4)).[1] The Petitioner asserts this answer led the jury to believe the defendant committed other prior bad acts and violated his constitutional due process right to be tried only for the charged offense. The defendant sought, and the trial court denied a mistrial, but the trial court did instruct the jury to disregard the answer. This Court finds the instruction would have addressed prejudice, if there was any. At worst the answer was confusing.  Nothing about the question or answer suggested that the co-defendant was testifying about any other act except for the instant offense.

The Court, alternatively, dismisses both claims for lack of constitutional merit.

**Accordingly,**

IT IS ORDERED that after a full and independent review of the record in respect to the objections, the Magistrate Judge's Report and Recommendation (Doc. 16) is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that the Amended Petition (Doc. 4) is DISMISSED with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly.

**IT IS FURTHER ORDERED** that in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability, pursuant to Rule 11(a) of the Rules Governing Section 2254 cases because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 25th day of September, 2020.

David C. Bury
United States District Judge

---

[1] The transcript of record was not provided.